FRANK E. JOSEPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK E. JOSEPH–MARTHA J. JOSEPH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5773, 5774. Promulgated November 13, 1945.

*William B. Cockley, Esq., J. W. Reavis, Esq.*, and *Arthur L. Dougan, Esq.*, for the petitioners.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: In his deficiency notices the respondent determined that petitioner is taxable on all of the income of the trust in question, under the provisions of sections 22 (a) and 167 of the Internal Revenue Code. On brief his argument is that the trust income is taxable to petitioner under section 167 and the rule of *Helvering* v. *Stuart*, 317 U. S. 154, because as grantor of the trust he had the right to receive and did receive all of the trust income for the support, maintenance, and education of his minor son.

In *Helvering* v. *Stuart*, *supra*, it was held that the grantor of a trust for the benefit of minor children was taxable on the entire income of the trust which could be used by him for the support and maintenance of his minor children, and not merely on that part actually used to relieve him of his parental obligations. The trustees of the R. Douglas Stuart trust had discretionary authority to apply so much of the net income of the trust for the support, maintenance, and education of the minor children "as to them shall seem advisable and in such manner as to them shall seem best."

We do not think it can be doubted that under the above cited case the petitioner is taxable as determined by the respondent, provided he was the grantor of the trust. The petitioner submits that he was only the nominal grantor; that he never came into possession or control of the assets of the Unterberg trust; and that therefore he could not have transferred such assets to the Irving Trust Co. and

can not be regarded as the grantor of the trust in respect of such assets. He further submits that he renounced all of his rights to his deceased wife's property for the benefit of his son and that all of his actions have been consistent with such renunciation.

Considering the last contention of the petitioner first, we do not think the evidence shows that the petitioner renounced all of his rights to his deceased wife's property in favor of his son. By the terms of the trust instrument executed by the petitioner with the Irving Trust Co. on February 24, 1930, he reserved the entire income of the trust to himself for the "support, maintenance and education" of his son. We are here dealing with that income.

The respondent does not question the fact that under the laws of the State of Ohio Adele Unterberg Joseph's will executed by her on January 9, 1928, was revoked by the birth of her son on November 2, 1928. See sec. 10561 of the 1928 Ohio General Code. The respondent contends, however, that:

\* \* \* even though not operative as a will this document was an instrument "\* \* \* in the nature thereof, \* \* \*" which was legally sufficient to exercise the power of appointment over which she had the right of testamentary disposition.

We see no merit in this contention. It was either a will or a nullity. We hold that it was a nullity. It would indeed be a curious commentary on the law of Ohio if the provision of law for the revocation of a will upon the subsequent birth of issue, which was clearly designed for the protection of an after-born child, should be interpreted to deprive petitioner's son of practically all of his mother's estate.

We hold that Adele Unterberg Joseph died intestate. Section 8592 of the 1928 Ohio General Code provides:

When a person dies intestate and leaves no children or their legal representatives, the widow or widower, as next of kin, will be entitled to all of the personal property which is subject to distribution upon settlement of the estate. If the intestate leaves any children or their legal representatives, the widow or widower will be entitled to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution.

If there had been an administration of the estate of Adele the petitioner would have received slightly more than one-third of his deceased wife's estate and Frank E. Joseph, Jr., the balance. After the settlement the petitioner would be taxable upon income from his share and the son upon income from his share.

Upon the creation of the trust with the Irving Trust Co. of New York on February 24, 1930, the petitioner caused to be transferred to that company in trust all of his son's property and all of the petitioner's property inherited by himself and his son from his deceased wife. If no provision had been made in the trust instrument that all of the income of the trust should be paid to petitioner periodically

for the "support, maintenance and education" of his son, the petitioner would be taxable upon his share of the income and the son upon his share. We do not see how the petitioner can escape liability to income tax upon his share of the income which was actually received by him during the taxable years, albeit it was received only for the support, maintenance, and education of his son and none of it was used by petitioner for that purpose.

We hold that the petitioner was the grantor of the 1930 trust to the extent of property owned by him which was transferred to the trust. He was also the grantor with respect to his share of the income of the trust paid over to him annually which he turned back to the trustee to augment the principal of the trust. Under *Helvering* v. *Stuart, supra*, he was clearly taxable upon such income. He was not the grantor of the trust to the extent of his son's property conveyed to the trustee. See *Allison L. S. Stern*, 40 B. T. A. 757; *Stern* v. *Commissioner*, 137 Fed. (2d) 43; *Buhl* v. *Kavanagh*, 118 Fed. (2d) 315; *Stockstrom* v. *Commissioner*, 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719. Cf. *Sunderland* v. *Commissioner*. (C. C. A., 3d Cir.), 151 Fed. (2d) 675. The son is taxable upon that income and for the taxable years it was properly reported for taxation by him.

The petitioner contends that he was not taxable upon any of the income of the trust fund because none of it was used for the "support, maintenance and education" of his minor son during the taxable years. In support of such contention he cites *Hopkins* v. *Commissioner* (C. C. A., 6th Cir.), 144 Fed. (2d) 683, where it was held that the grantor of trusts for the benefit of his two minor sons was liable for income tax upon the income of the trusts only to the extent that it was used or usable for their maintenance and support. That case has no application to the proceeding at bar, for here the entire amount of the income of the 1930 trust was paid over to the petitioner during the taxable years and was available to him for the "support, maintenance, and education" of his minor son.

The next contention of the petitioner is that he is relieved from any tax liability in respect of the income of the 1930 trust for the taxable years under section 167 (c) of the Internal Revenue Code. Under the amendment, however, the income of a trust is not taxable to the settlor merely because such income in the discretion of another person, other than the settlor or the trustee, may be applied or distributed for the support or maintenance of the beneficiary whom the settlor is legally obligated to support or maintain to the extent that such income is so applied or distributed. In *Hopkins* v. *Commissioner, supra*, the court observed:

The amendment has no application where the trust income may, in the settlor's sole discretion, be applied to the support of his legal dependent. This construc-

tion is made clear by the report of the Senate Finance Committee, wherein it is said, "Subsection (c) is not applicable if discretion to apply or distribute the trust income for support, maintenance or education rests solely in the grantor or in the grantor in conjunction with other persons unless the grantor has such discretion as trustee." Sen. Rep. No. 627, 78th Cong. 1st Sess. (1943) 56.

Plainly the amendment has no application here.

It is our opinion that under section 167 of the Internal Revenue Code and *Helvering* v. *Stuart*, *supra*, the petitioner is liable to income tax upon the portion of the trust income allocable to the trust principal contributed by him.

In his brief the respondent does not argue the application to this case of section 22 (a) of the Internal Revenue Code. That is the provision of the tax law which taxes to an individual income received from any source whatever. That section was applied to the income of a trust in *Helvering* v. *Clifford*, 309 U. S. 331. Even if the section were applicable to the proceeding at bar, the petitioner would not be taxable upon more than the income of the trust which flowed from his contribution of property to it. Since we have held in the circumstances of this case that the petitioner is taxable upon such income under section 167, it is not necessary to consider the application of section 22 (a).

Reviewed by the Court.

*Decision will be entered under Rule 50.*